**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BRIAN STENGEL,

     Plaintiff - Appellant,

v.

NEW MEXICO CORRECTIONS
DEPARTMENT; GERMAN FRANCO,
Warden of Penitentiary of New Mexico;
GARY MARCIEL, title unknown;
MICHELLE BOYER, Grievance Officer;
KATHY TRUJILLO, Classification
Supervisor; JIM BREWSTER, Lead
Counsel, sued in ther individual and
professional capacities,

     Defendants - Appellees.

Nos. 15-2099 & 15-2136
(D.C. No. 2:14-CV-01058-RB-SCY)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Pro se appellant Brian Stengel attempts to bring two appeals.[1]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Stengel is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States*

The first—15-2099— concerns a complaint he filed against prison officials under 42 U.S.C. § 1983 when he was a New Mexico state prisoner. The district court dismissed it as frivolous under 28 U.S.C. § 1915(e)(2) and for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Mr. Stengel filed a notice of appeal, but not until the 30-day deadline to do so had expired under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(A).

The second appeal—15-2136—is from the district court's order denying Mr. Stengel's motion under FRAP 4(a)(6) to reopen the time to appeal the dismissal of his § 1983 complaint.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of the motion to reopen in 15-2136 and dismiss the appeal in 15-2099 for lack of jurisdiction.

Mr. Stengel's appeal in 15-2099 is untimely. The district court issued its order dismissing the complaint and also entered judgment under FRCP 58 on May 26, 2015. A timely notice of appeal needed to be filed by June 25, 2015. Mr. Stengel filed his notice of appeal on July 8, 2015—13 days after the filing deadline had expired.

The Supreme Court has "ma[d]e clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006). We therefore lack jurisdiction in 15-2099 unless Mr. Stengel can show he satisfied the

*v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

requirements in FRAP 4(a)(5) for an extension of time or in FRAP 4(a)(6) to reopen the time to file an appeal.

Mr. Stengel did not seek an extension of time to file a notice of appeal from the district court under FRAP 4(a)(5). He did file a motion under FRAP 4(a)(6) in the district court to reopen the time to file an appeal. The court denied the motion. It noted that Mr. Stengel received notice of the order and judgment dismissing the case on June 17, 2015, which complies with the FRAP 4(a)(6)(A) requirement that the court "finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry."[2]

The district court further determined, however, that Mr. Stengel did not comply with the FRAP 4(a)(6)(B) requirement that "the motion is filed within 180 days after the judgment or order is entered or *within 14 days after the moving party receives notice* under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." (Emphasis added.) Mr. Stengel filed his motion on August 7, 2015, well more than 14 days after he received notice of the district court's order and judgment on June 17, 2015. The court found Mr. Stengel had provided no basis to find that his motion to reopen was filed within the 14-day period. It entered an order denying the motion. Mr. Stengel timely appealed from this order. This is appeal 15-2136.

---

[2] In his motion to reopen, Mr. Stengel said he received the order and judgment on June 17, 2015. ROA at 56 (15-2136). In his "Brief Establishing Jurisdiction" filed in this court on July 20, 2015, he said he received the order and judgment on June 15, 2015. Our review is based on the June 17 date as the one most favorable to Mr. Stengel and on which the district court based its ruling.

This court consolidated the appeals for all appellate procedural purposes and directed Mr. Stengel to file a single, consolidated opening brief addressing all issues for both appeals. He filed his brief on November 4, 2015.

We review the denial of a FRAP 4(a)(6) motion for an abuse of discretion. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). In his appellate brief, Mr. Stengel does not address whether the district court abused its discretion when it denied the FRAP 4(a)(6) motion. We find no basis in the record to conclude the district court abused its discretion.

Based on the foregoing, we affirm the district court's denial of the motion to reopen in 15-2136. It follows we must dismiss the appeal in 15-2099 for lack of jurisdiction as untimely filed.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge